UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:

JESUS GONZALEZ

      Plaintiff,

vs.

THE CHEESECAKE FACTORY
RESTAURANTS INC
d/b/a The Cheesecake Factory #214
at Ponce de Leon Boulevard, and
BALBRO 25-26, LLC

      Defendants.

                                /

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant The Cheesecake Factory Restaurants, Inc. doing business as The Cheesecake Factory #214 at Ponce de Leon Boulevard and Defendant Balbro 25-26, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.    Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.     Defendants The Cheesecake Factory Restaurants, Inc. and Balbro 25-26, LLC are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4.     Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5.     Defendant The Cheesecake Factory Restaurants, Inc. (also referenced as "Defendant Factory Restaurants," "operator," or "lessee") is a foreign for-profit corporation authorized to transact business in Florida. On information and belief, The Cheesecake Factory Restaurants, Inc. is a subsidiary of The Cheesecake Factory Incorporated, which is a publicly traded company on the NASDAQ exchange and on the S&P 600 component. The Cheesecake Factory Incorporated is an American restaurant company and distributor of cheesecakes and other signature Cheesecake food items.  There are 206 Cheesecake Factory brand restaurants and 13 Grand Lux Café brand restaurants throughout the Unites States. Defendant Factory Restaurants is the operator of The Cheesecake Factory which is the subject of this instant action, which is located at 2418 Ponce de Leon Blvd, Coral Gables, Florida 33134.

6.     Defendant Balbro 25-26, LLC  (also referenced as "Defendant Balbro," "owner," or "lessor") is a Florida limited liability company which is the owner of

commercial real property identified as Folio 03-4117-005-0360, which is located at 2418 Ponce de Leon Blvd, Coral Gables, Florida 33134 which is built out as a restaurant.

## FACTS

7.     At all times material hereto, Defendant Balbro has leased its commercial property to Defendant Factory Restaurants who in turn has operated (and continues to operate) it's The Cheesecake Factory brand restaurant within that leased space.

8.     The Cheesecake Factory restaurant at 2418 Ponce de Leon Blvd, Coral Gables, Florida 33134 is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) as "a restaurant, bar, or other establishment serving food or drink." The subject Cheesecake Factory restaurant is also referred to as "Cheesecake Factory  (on Ponce de Leon Boulevard)," "restaurant," or "place of public accommodation."

9.     As the operator of a restaurant which is open to the public, Defendant Factory Restaurants is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

10.     Due to the close proximity to Plaintiff's home to the Cheesecake Factory  on Ponce de Leon Boulevard, on May 29, 2022 Plaintiff personally visited the restaurant to purchase a meal and dine therein and to test for compliance with the ADA/ADAAG.

11.     Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff met barriers to access while testing/dining within the restaurant.

12.     Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of the Cheesecake Factory restaurant

(Defendant Factory Restaurants) and by the owner of the commercial property which houses the restaurant (Defendant Balbro).

13.     As the owner and operator of a Cheesecake Factory brand restaurant, Defendant Factory Restaurants is well aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Cheesecake Factory restaurant on Ponce de Leon Boulevard is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14.     As the owner of commercial property which is built out and utilized as a Cheesecake Factory brand restaurant open to the general public, Defendant Balbro are also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

15.     As the owner of commercial property used as a place of public accommodation, Defendant Balbro is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16.     As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17.     Plaintiff continues to desire to patronize and/or test the Cheesecake Factory restaurant on Ponce de Leon Boulevard, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

18.     Any and all requisite notice has been provided.

19.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20.     The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42  U.S.C. §12101(b)(1)(2) and (4).

22.     Prior to the filing of this lawsuit, Plaintiff personally visited the Cheesecake Factory  restaurant on Ponce de Leon Boulevard with the intention of patronizing that restaurant, to enjoy a meal and/or test the public accommodation for compliance with the

ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

23.     Defendant Balbro and Defendant Factory Restaurants have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Cheesecake Factory restaurant on Ponce de Leon Boulevard in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Cheesecake Factory  restaurant.

25.     Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. However, Defendant Balbro and Defendant Factory Restaurants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

26.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27.     Defendant Balbro's commercial property, which houses Defendant Factory Restaurants' Cheesecake Factory restaurant, is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i.     As to Defendant Factory Restaurants (operator of the restaurant) and Defendant Balbro (owner of the commercial property) (jointly and severally), Plaintiff had difficulty using a gated door (which services the exterior seating area) without assistance, as the door has a sloped surface within the required maneuvering clearance of the door. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design (maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance). Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case. Section 404.2.4 states that maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

ii.     As to Defendant Factory Restaurants (operator of the restaurant) and Defendant Balbro (owner of the commercial property) (jointly and severally), Plaintiff had difficulty using the exit gate (from the exterior seating area) without assistance, as the gate does not provide a smooth surface or kick plate on the push side. This failure is a violation of Section 404.2.10 of the 2010 ADA Standards for Accessible

Design which requires swinging doors and gate surfaces within 10" (225 mm) of the finished floor or ground (measured vertically) to provide a smooth surface or kick plate on the push side extending the full width of the door or gate.

iii. As to Defendant Factory Restaurants (operator of the restaurant) and Defendant Balbro (owner of the commercial property) (jointly and severally), Plaintiff had difficulty closing the restroom stall door, as it does not have the required pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG which states that controls and operating mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. This is also a violation Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors, including door hardware, shall comply with Section 404; specifically, Sections 404.2.7 and 309.4: "operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finished floor or ground."

iv. As to Defendant Factory Restaurants (operator of the restaurant) and Defendant Balbro (owner of the commercial property) (jointly and severally), Plaintiff could not use the lavatory outside the stall without assistance, as the lavatory does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. The appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. The lavatory sink is mounted in violation of the requirements in Section 4.19.2 of the ADAAG which states that lavatories shall be mounted with the rim or counter

surface no higher than 34 in (865 mm) above the finished floor. This is a violation of Section 606.2 of the 2010 ADA Standards for Accessible Design which requires compliance with Section 306.3 (Fig. 306.3). Section 606.3 also states that lavatories shall be mounted with the rim or counter surface no higher than 34 in above the finished floor.

28.     Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendants are required to make the commercial property and the Cheesecake Factory restaurant operated therein accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

29.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief; including an order to alter the commercial property and the Cheesecake Factory restaurant located therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Balbro 25-26, LLC   (owner of the commercial property) and Defendant The Cheesecake Factory Restaurants, Inc. (operator of the Cheesecake Factory restaurant located therein) and requests the following injunctive and declaratory relief:

a)     The Court declare that Defendants have violated the ADA;

b)     The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)     The Court enter an Order requiring Defendants to alter the commercial property and the Cheesecake Factory restaurant located therein such that it

9

becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)       The Court award reasonable costs and attorneys fees; and

e)       The Court award any and all other relief that may be necessary and appropriate.

Dated this 5th day of July, 2022.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*